### NANCY DICKASON vs. ANDREW WILLIAMS.

Suffolk. March 8. — July 8, 1880. ENDICOTT & SOULE, JJ., absent.

Land subject to a mortgage was conveyed by the mortgagor, the grantee assuming and agreeing to pay the mortgage. The grantee subsequently conveyed the land to the mortgagee by a deed which recited that the conveyance was subject to the mortgage. *Held*, that the mortgage was thereby merged; and that the mortgagee could not maintain an action against the mortgagor cn the mortgage note, although the value of the land, at the time of the last conveyance, was less than the amount of the mortgage.

CONTRACT upon a promissory note for $3000, dated March 29, 1870, payable to the plaintiff or order five years after date, and signed by the defendant. Writ dated November 2, 1878. The answer admitted the making of the note, but averred that it was a mortgage note, and that the mortgage had merged. At the

trial in the Superior Court, before *Wilkinson*, J., the following facts appeared in evidence:

The note sued on was secured by a mortgage deed, containing the usual power of sale, of land on Henchman Street, in Boston, delivered by the defendant to the plaintiff on March 29, 1870. The defendant conveyed the land to John and Bridget Wills, by deed dated February 5, 1874, which contained these words: " And I do hereby for myself and my heirs, executors, and administrators covenant with the said grantees and their heirs and assigns that I am lawfully seised in fee simple of the granted premises ; that they are free from all incumbrances, excepting a mortgage thereof for $3000, which, with the interest thereon, the grantee assumes and agrees to pay." John and Bridget Wills conveyed the land to the plaintiff by a deed dated September 30, 1878, in which the consideration named was $3500, and which contained these words: " The above conveyance is made subject to a mortgage of $3000, which mortgage forms part of the above consideration." After the date of the writ in this action, the plaintiff conveyed the land to Dennis Winterson. The plaintiff also introduced testimony to prove that the market value of the land when conveyed to her by John and Bridget Wills was not over $2500, and it was admitted that the plaintiff paid nothing to John and Bridget Wills for said conveyance.

Upon these facts, the judge ruled that the plaintiff's claim against the defendant for the balance of the note over and above the market value of the land on September 30, 1878, was not extinguished. The jury returned a verdict for the plaintiff for $707.95; and at the request of the defendant, the judge reported the case for the determination of this court. If the ruling was right, judgment was to be entered on the verdict; otherwise, the verdict was to be set aside, and a new trial ordered.

*H. N. Shepard*, for the plaintiff.

*J. A. Maxwell*, for the defendant.

AMES, J. It appears from the report that the note in suit, which was for $3000, was given by the defendant to the plaintiff, and was secured by a mortgage upon certain premises in Henchman Street in Boston. The note and the mortgage were of the

same date, and there is no intimation of any other mortgage on the property. Some years afterwards, and before the note became due, the defendant conveyed the property to John and Bridget Wills, subject to the mortgage, it being recited in the deed that the grantees assumed and agreed to pay the mortgage. The effect of this transaction was to impose upon the grantees, by their acceptance of such a deed, a duty to make that payment, upon which the law would imply a promise to do so. *Pike* v. *Brown*, 7 Cush. 133. *Braman* v. *Dowse*, 12 Cush. 227. *Jewett* v. *Draper*, 6 Allen, 434. Subsequently, and after the maturity of the note, these grantees, in consideration of $3500, conveyed the mortgaged property to the plaintiff subject to the mortgage of $3000, " which mortgage forms part of the above consideration." In other words, the plaintiff repurchased the property, or took it back, and part of the price of this repurchase was the debt or claim which she at the time held against the same property. The plaintiff accepted a deed, which on its face imported that the amount due to her upon this note, which John and Bridget Wills had become liable to pay, was reckoned and included in the consideration for that very deed. This mode of dealing operated as a payment of the mortgage debt, by a party legally bound to pay it, to a party entitled to receive it. Upon these facts, the same person who held the mortgage has become the holder of the equity of redemption, and there being no intervening incumbrance or outstanding interest in any other person, the mortgage is merged and the debt extinguished. 2 Washb. Real Prop. (4th ed.) 193, and cases there cited.

*Verdict set aside, and new trial ordered.*