NATIONAL INVESTMENT CO. *vs.* CHARLES NORDIN *et al.* ·

Argued June 2, 1892. Decided July 1, 1892.

**Equitable Merger of Mortgages in the Legal Title.**

> The owner of land, having mortgaged it to a corporation to secure his debt to it, afterwards sold and conveyed the mortgaged premises to another person, subject to the mortgage, the purchaser expressly assuming its payment. The latter sold and conveyed the premises in terms "subject" to the mortgage, to the president of the corporation, (mortgagee,) the corporation paying the purchase price, and entering into possession and enjoyment of the property, but causing the conveyance to be made to its president for the *purpose* of preventing the merging of the mortgage in the estate purchased. *Held*, that the land thus purchased subject to the mortgage became the primary fund for its payment, and, the mortgagee having thus beneficially acquired the property, (although it did not hold the legal title,) the transaction was operative as a payment of the mortgage, and the corporation could not recover the mortgage debt in an action against the mortgagor.

Appeal by plaintiff, the National Investment Company, and cross appeal of defendants Charles Nordin and wife, from a judgment of the District Court of Ramsey County, *Kelly*, J., entered March 29, 1892.

Action upon a promissory note for $500 and interest, made by defendants Charles Nordin and Mary E. Nordin, his wife, October 1, 1889, payable to the order of plaintiff two years thereafter. The note was secured by their first mortgage upon a lot in St. Paul, owned by the wife. They soon after gave plaintiff another note for $600 and interest, and secured its payment by a second or junior

mortgage on the same real estate. Plaintiff foreclosed this second mortgage by advertisement under the power therein, and bid in the property for the amount due on the last note, with interest and costs. Plaintiff now sought by this action at law to collect the first note from the makers. In the meantime the defendants conveyed the property by warranty deed to one N. Anderberg, who assumed and agreed to pay both of the mortgages. Anderberg conveyed it by warranty deed to A. N. Elliott, who likewise assumed and agreed to pay the mortgages. Elliott afterwards conveyed the property to Sarah Kingsley, who assumed and agreed to pay both the mortgages. Sarah Kingsley conveyed it to Charles G. Johnson, but in the last-named deed Johnson did not assume and agree to pay the mortgages, but the land was conveyed, subject to the two mortgages. Charles G. Johnson was the president of the plaintiff corporation, and the consideration for the conveyance to him was paid by the corporation and the conveyance made to him for the purpose of preventing a merger of the mortgages in the title to the premises. Plaintiff went into possession of the premises and remained in possession. The rental value was $30 per month.

*Humphrey Barton*, for defendants.

The defendants contend that as plaintiff foreclosed the second mortgage, and purchased the property at the foreclosure sale for the full amount of the indebtedness, it became obligated by reason of the second mortgage being made expressly subject to the first, to satisfy the first mortgage as to these defendants. They contend that by operation of law the first mortgage was merged, and that in equity plaintiff cannot recover against the defendants on this note. *Baker* v. *Northwestern G. L. Co.*, 36 Minn. 185; *Weiner* v. *Heintz*, 17 Ill. 259; *Robins* v. *Swain*, 68 Ill. 197.

The conveyance to Johnson, under the facts, must in equity operate as a merger. Anything else will be inequitable. While the title was not taken by the plaintiff, yet the plaintiff paid the consideration, and while there was on the part of the plaintiff, an intent not to have the mortgage merge, nevertheless, this was an inequitable and unjust intention so far as the defendants are concerned.

v.50M.—22

*Dickason* v. *Williams*, 129 Mass. 182; *Byington* v. *Fountain*, 61 Iowa, 512.

In equity the purchase by Johnson was the purchase of the corporation, and the conveyance a conveyance for the plaintiff. The time for redemption from the sale on foreclosure expires May 26, 1892, and on that date, plaintiff will have acquired the fee under such circumstances as will cause merger to take place beyond all question.

*William G. White*, for plaintiff.

Defendants are not entitled to be subrogated to the rights of the plaintiff corporation under the first mortgage until they have also made payment of the amount due on the second mortgage; and subrogation can be awarded only upon this condition. *Knoblauch* v. *Foglesong*, 38 Minn. 459; *Butler* v. *Seward*, 10 Allen, 466.

Plaintiff is entitled, so far as the defendants are concerned, to have both its notes paid; and if upon the foreclosure sale under the second mortgage there was no surplus to apply on the first mortgage, plaintiff may recover from the defendants the amount due on that note. *Wilcox* v. *Fairhaven Bank*, 7 Allen, 270; Sheldon, Subr. § 129.

The legal and equitable title have never united in the same person and this fact is enough to prevent a merger, but in addition, the trial court has found that the conveyance was made to Johnson for the express purpose of preventing such a merger. This fact will also prevent such a result. Jones, Mortg. § 848.

DICKINSON, J. The plaintiff is a corporation. The defendants executed to the plaintiff at different times two mortgages upon the same real estate owned by them, the senior mortgage being to secure the note of the mortgagors for $500, and the junior mortgage to secure their note for $600. This second mortgage was in terms made subject to the former mortgage. Both mortgages were recorded. The defendants then sold and conveyed the mortgaged premises to one Anderberg; the latter conveyed to one Elliott; and he in turn to one Kingsley. Each of the three last-named grantees, by covenants

in the deeds of conveyance executed to them, respectively agreed, as a part of the consideration for the conveyance, to pay the two notes and mortgages. On the 20th of April, 1891, Kingsley sold and conveyed the premises to one Johnson, who was then, and still is, the president of the plaintiff corporation. This conveyance was made in terms subject to the mortgages. The corporation paid the consideration for that conveyance, and the title was taken in the name of Johnson for the purpose of preventing a merging of the mortgages in the legal title. The plaintiff went into and has re-mained in possession, and has collected rents since the time of the conveyance last mentioned.

For default in the payment of the debt secured by the second mortgage the plaintiff proceeded to foreclose the same, and at a fore-closure sale, May 26, 1891, itself bid off the property for the sum of $741.48.

This action is prosecuted to recover personally against the defend-ants on the note secured by the first mortgage. Judgment was di-rected and entered against them for the amount of that note, with the provision that upon payment of the same they should be subro-gated to all the rights of the plaintiff in the mortgage which was given to secure that note. Both parties have appealed from the judgment. The plaintiff appealed because of the granting to the de-fendants of the right of subrogation, while the defendants call in question the right of the plaintiff to recover at all against them.

The findings of facts are not as explicit and complete as may have been desirable as respects the sale and conveyance by Kingsley to Johnson. But we understand the import of the findings to be that the plaintiff was the real purchaser of the property from Kingsley, and that it caused the title to be conveyed to Johnson, its president, for its benefit; the conveyance being procured to be made to him, instead of being made to the corporation, only "for the purpose" (as the court expressly found) of preventing the merging of the mort-gages in the legal title. These facts are decisive of the case.

If this conveyance had been made to the plaintiff, the mortgagee, the latter could not have maintained this action to recover on the note. By the purchase of the equity of redemption expressly *subject*

to the mortgages, and the payment therefor, as is to be presumed, of only what was deemed to be the value of the land *less* the amount of the mortgages, the land became, in the purchaser's hands, the primary fund for the payment of the mortgages, and, as between the purchaser and the mortgagors, the latter stood in the relation of sureties to the former. The purchaser, under such conditions, should not be allowed to thus acquire and hold the property, and at the same time to recover against the mortgagors the debt for the payment of which the land in its hands had been made primarily chargeable. *Baker* v. *Terrell,* 8 Minn. 195, (Gil. 165;) *Baker* v. *Northwestern Guaranty Loan Co.,* 36 Minn. 185, (30 N. W. Rep. 464,) and cases cited; *Merritt* v. *Byers,* 46 Minn. 74, 77, 78, (48 N. W. Rep. 417;) *Dickason* v. *Williams,* 129 Mass. 182; 1 Jones, Mortg. 736, and cases cited. If the conveyance by Kingsley, subject to the mortgages, had been made directly to the plaintiff, the case would have been exactly like that of *Dickason* v. *Williams, supra,* in which it was held that such a conveyance to the mortgagee operated as a payment.

But if the plaintiff procured the conveyance to be made to its president for its benefit, that expedient being adopted merely for the purpose of preventing the merging of the mortgages, or to enable it to recover the mortgage debt against the mortgagors, the case should be treated in equity and as between these parties just as it would have been if the conveyance had been directly to the plaintiff; and, as respects this matter, we do not deem it of controlling importance that the conveyance to Johnson may not have been legally effectual to make him a mere trustee of the legal title, and that he may be only in honor bound to hold the title for the benefit of the plaintiff. The facts in that particular are not disclosed, but it does not appear that Johnson, to whom the plaintiff procured the conveyance to be made, has repudiated the trust, or disappointed the confidence reposed in him. On the contrary, the plaintiff is in possession of the property and enjoying the fruits of ownership. Equity will regard the real nature of the transaction, and as the plaintiff purchasing the property caused the title to be conveyed to one of its officers for its benefit, it may justly be assumed that in reality the conveyance in-

ured to the benefit of the plaintiff as intended. The forms in which the transaction was cast are not conclusive upon these defendants, who were not parties to it.

The conclusion is that the plaintiff, having beneficially acquired the mortgaged property, under conditions which make it the primary fund for the satisfaction of the mortgage debt, cannot recover the debt in this action against the mortgagors.

Judgment reversed. Costs will be taxed only in favor of the defendants.

(Opinion published 52 N. W. Rep. 899.)