Samuel Richardson v. Mary Louise Venn, Paul O. Stensland, Trustee, and Charles E. Schlytern, Successor in Trust.

1.   ASSUMPTION—*Of Mortgage Indebtedness.*—A deed which is merely made subject to a mortgage does not alone render the grantee personally liable for the mortgage debt.   To create such liability there must be language used as will clearly import that the grantee assumed the obligation of paying the debt.

Foreclosure of a Trust Deed.—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.   Heard in this court at the March term, 1899.   Affirmed.   Opinion filed October 19, 1899.

W. S. NEWBURGER, attorney for appellant.

JOHNSON & MORRILL, attorneys for appellees.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Cook County, rendered in a suit instituted by appellees against Samuel Richardson, appellant, and others, for the purpose of foreclosing a certain trust deed which Henry G. Hanson executed on March 13, 1893, to secure an indebted-

ness of $2,200. It appears from the record that Henry G.
Hansen, after the execution of the trust deed sought ·to be
foreclosed, conveyed the premises therein described to Jens
C. Hansen, by a warranty deed dated April 26, 1894, in
which the grantee expressly assumed payment of the debt
secured by the trust deed in suit; and that afterward the
latter conveyed the premises to Samuel Richardson, the
appellant, by a warranty deed dated and recorded October
31, 1896. This latter deed contained the following clause,
upon which the contention in this case arises :

"Subject to a trust deed dated March 13, 1893, to Paul
O. Stensland, securing payment of twenty-two hundred
dollars ($2,200), due five (5) years after date; also to all
taxes subsequent to the year 1895, which party of the sec-
ond part hereby assumes and agrees to pay as part of the
purchase price of the above described premises."

, It was sought by appellees to · obtain a decree against
appellant for any deficiency which might exist after sale of
the mortgaged property. Appellant contended that the
deed to him contained no provision by which he personally
undertook to pay the amount of the mortgage debt, and
that the clause above set forth amounted only to an agree-
ment to pay the taxes.

The decree of the court below finds, *inter alia*, that appel-
lant is personally liable for the mortgage indebtedness, and,
in case of a deficiency after sale, that the complainant shall
be entitled to execution against him therefor. The only
question raised by counsel on this appeal is as to the cor-
rectness of that finding; or in other words, whether or not,
by the acceptance of the warranty deed in question, the
appellant became charged with personal liability to pay
the indebtedness secured by the trust deed.

In Rapp v. Stoner, 104 Ill. 618, it is held that the
grantee of the mortgagor, purchasing the equity of redemp-
tion, does not become personally liable to the mortgagee
for any part of the mortgage debt unless he assumes and
agrees to pay the same as part of the contract of purchase.

In 1 Jones on Mortgages, Sec. 748, it is said :

"A deed which is merely made subject to a mortgage

specified does not alone render the grantee personally liable for the mortgage debt.   To create such liability there must be such words as will clearly import that the grantee assumed the obligation of paying the debt.   It is not necessary that any particular formal words should be used, but that the intention to impose upon the grantee this obligation should clearly appear.   The intention will be sought from the whole instrument, and any inconsistent part will be rejected or modified according to the intent of the whole."

In Drury v. Holden, 121 Ill. 130, it is held that the grantee becomes personally liable to pay the mortgage debt, if the purchase by him is made expressly subject to the mortgage and the amount of the mortgage debt is included in and forms a part of the consideration of the conveyance, even though there be no expressed undertaking to pay.   In the case here we are of opinion that a reasonable construction of the clause in question discloses an intention of the grantee to thereby assume and undertake to pay the mortgage debt.   To limit the application of the assumption clause to the taxes only, would, as we think, be an unreasonable construction.   The grantor would have an interest in making the conveyance subject to the taxes in question in order to exclude his liability therefor upon his covenants of warranty, but he could have no interest in obtaining an undertaking by the grantee to pay them.   On the other hand, it was a matter of consequence to the grantor to obtain an obligation by the grantee to pay the mortgage debt.   We are of the opinion that the words of the deed, " hereby assumes and agrees to pay, as part of the purchase price," refer to the mortgage debt.

The decree was entered after a reference to a master in chancery, and was in accord with his report and recommendation.   The exceptions filed by appellant to the master's report contain the following:

" The oral evidence which the master permitted to be introduced to explain the alleged ambiguity in the above language of the said deed is conflicting, and does not in any way establish or tend to establish what the parties really meant by the said language.   The only way in which their intention can be determined is by placing a fair and

proper construction upon the language used by them in the instrument itself."

The evidence related to the question of consideration. We are inclined to view the evidence as sufficient to warrant a finding that the mortgage debt in question was a part of the consideration of the purchase by appellant. If so, the case would be governed by Drury v. Holden, *supra*. But without reference to the testimony taken by the master, and disposing of the appeal upon a consideration of the language of the deed only, as desired by appellant, we affirm the decree. Affirmed.