SAMUEL H. SULLIVAN *vs.* PHILIP J. NEARY.

Suffolk. November 20, 1903. — June 22, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Mortgage,* Of real estate. *Bills and Notes.*

If the holder of a note, secured by a second mortgage on land, purchases the land at a foreclosure sale under the first mortgage and the mortgagor releases the land to him as purchaser, and thereupon he makes a new first mortgage to the original first mortgagee, and if the proceeds of the foreclosure sale after paying the first mortgage and other charges when applied toward the payment of the note which was secured by the second mortgage leave a balance still due, the holder may recover this balance in an action on the note, as the extinguishment of the second mortgage has not extinguished the debt.

CONTRACT for the balance due on a promissory note, dated October 1, 1901, originally for $1,050 and interest. Writ in the Municipal Court of the City of Boston dated April 2, 1902.

On appeal to the Superior Court the case was tried before *Gaskill*, J., without a jury. He refused to rule that the plaintiff could not maintain his action, and found and ordered judgment for the plaintiff in the sum of $693.81. The defendant alleged exceptions.

*J. G. Holt*, for the defendant.

*J. R. Murphy & J. J. Moore*, for the plaintiff.

BARKER, J. The principal facts are these: The defendant owning land mortgaged it for $6,000, the mortgage containing a power of sale. Subsequently he borrowed of the plaintiff $1,050, giving him on October 1, 1901, the note for that sum set out in the declaration, payable $50 in three months and the balance in six months from October 1, 1901, namely on April 1, 1902. To secure this note the defendant gave the plaintiff a second mortgage on the land. Breach was made of the conditions of the first mortgage, and a foreclosure sale under the power contained in that mortgage was made on March 8, 1902, to the plaintiff for the sum of $7,000 which the plaintiff paid to the holder of the first mortgage, who retained from that sum $6,396.42 for principal, interest and expenses of the foreclosure sale and the further sum of $126.91 for overdue taxes and turned over the balance of $476.67 to the plaintiff as holder of the second mortgage, who applied that sum in part payment of the note of October 1, 1901.

In order to raise the $7,000 the plaintiff was obliged to apply for a loan upon the land to the original mortgagee, who required a release from the defendant. The mortgagee's sale having taken place on March 8, on March 17 the defendant executed a release of the land to the plaintiff, and on March 18 the land was deeded by the original mortgagee in pursuance of the sale of March 8 to the plaintiff and mortgaged back by the plaintiff to the original mortgagee.

When the note of October 1, 1902, became due the defendant refused to pay it and this action is to recover the balance due upon it after applying upon it a first payment of $50 and the $476.67 of surplus coming from the mortgage sale.

The case was heard by the judge without a jury and is here upon the defendant's exceptions. At the trial the facts above recited appeared in evidence or were admitted with the further facts that the plaintiff never intended to waive the payment of the balance of the note of October 1, 1901, that the original mortgage contained a covenant on the part of the defendant that upon request he should execute and deliver to the purchaser at any foreclosure sale a deed or deeds of release confirming the sale, that the release given was asked for by the original mortgagee, that the plaintiff never did or said anything in relation to the payment of the balance of the note except to say to the defendant that the plaintiff would reconvey the property if the defendant would pay the plaintiff what the property had cost him, to demand payment when the note matured and upon refusal to bring this suit.

The defendant asked the judge to rule that the plaintiff could not maintain the action. His exception is to the refusal so to rule and to the finding in favor of the plaintiff and the order of judgment on the finding.

In support of his exception the defendant contends that the release from himself to the plaintiff of March 17, 1902, worked a merger of the equity and of the plaintiff's second mortgage and extinguished the debt for which the note of October 1, 1901, was given, and in support of this contention he cites *Dickason* v. *Williams,* 129 Mass. 182, and the reference there given to 2 Washb. Real Prop. (4th ed.) 193, and cases cited.

The defendant confounds the extinguishment of the second mortgage by the release with the extinguishment of the debt secured by that mortgage. No doubt after the acceptance by the plaintiff of a deed under the foreclosure sale, the giving of the release and the giving of a new mortgage by the plaintiff to the original mortgagee the mortgage of October 1, 1901, was extinguished, even if it was not extinguished for any reason by the foreclosure itself. But the extinguishment of the debt secured by the mortgage of October 1, 1901, does not follow as a necessary consequence. In *Dickason* v. *Williams* the debt was extinguished because paid in effect by a party bound to pay it and to a party entitled to receive it. In the present instance there was no payment of the debt of October 1, 1901, except to the

amount of the surplus realized upon the sale of March 8, 1902. The balance of the debt could be collected by suit under the ordinary rule stated in *Draper* v. *Mann*, 117 Mass. 439, 441. See *Real Estate & Building Co.* v. *Tufts*, 127 Mass. 391, 393; *Worcester Mechanics' Savings Bank* v. *Thayer*, 136 Mass. 459, 463.

*Exceptions overruled.*