BLACKWOOD v. SAKWINSKI.

1. MORTGAGES—FORECLOSURE OF FIRST MORTGAGE—RIGHT TO RE-COVER ON SECOND MORTGAGE NOTE.

Where the assignee of two mortgages on the same piece of property, on default, foreclosed the first mortgage by advertisement; bid in the property at the sale for the amount due thereon, and, after the period of redemption had expired, sued the makers of the second mortgage note, he was not estopped from recovering on the theory that the foreclosure of the first mortgage extinguished the liability of the makers of the second mortgage, since he did not, at the foreclosure sale under the first mortgage, assume payment of the second mortgage, and the doctrine of merger in satisfaction of the debt does not apply.

2. SAME—FORECLOSURE—SALE—INADEQUACY OF PRICE.

Inadequacy of price cannot vitiate a statutory foreclosure

sale which is otherwise regular, neither does it afford
ground for holding a second mortgage note satisfied though
held by the same party.

3. HUSBAND AND WIFE—MORTGAGES—WIFE SIGNING MORTGAGE NOTE
TO WAIVE DOWER RIGHTS NOT LIABLE.

If a wife signs a mortgage and note merely as the wife
of the mortgagor, to waive her right of dower, then she
is not personally liable in an action on the note.

4. BILLS AND NOTES—INDORSEMENT OF MORTGAGE NOTES WITHOUT
RECOURSE.

Where, in the purchase of property, defendant assigned
to plaintiff two mortgages on the same piece of property,
receiving credit therefor, his indorsement of the mort-
gage notes to plaintiff is *held*, to be no more than an
act to pass title thereto to plaintiff, and not an indorse-
ment rendering him liable, on default of the makers, to
make payment thereof, in the absence of any agreement
to such effect.

Error to Wayne; Des Voignes (L. Burget), J., pre-
siding.   Submitted October 18, 1922.   (Docket No.
132.)   Decided December 29, 1922.   Rehearing
denied March 23, 1923.

Assumpsit by James R. Blackwood against Nicholas
Sakwinski, Antoinette Sakwinski, and Edwin P. Sher-
man, upon a promissory note. Judgment for defend-
ants on a directed verdict.   Plaintiff brings error.
Reversed as to defendants Sakwinski, and affirmed as
to defendant Sherman.

*Goodenough, Voorhies, Long & Ryan,* for appellant.
*Charles Bowles,* for defendants Sakwinski.
*William C. Manchester,* for defendant Sherman.

WIEST, J.   Plaintiff owned an apartment building
in the city of Detroit and sold the same to defendant
Edwin P. Sherman for the sum of $55,000, and accepted
property in the village of Bancroft as a payment of
$15,000.   It was agreed in writing that Mr. Sherman

should give plaintiff a mortgage for $30,000 on the apartment building, and also:

"The further assignment by good and sufficient mortgage assignment of a first mortgage in the sum of five thousand ($5,000.00) dollars with collateral note in like amount therewith, executed by present title holders, covering the one hundred sixty-six (166) acre farm known as the Lewis or the Obert farm (formerly owned by R. E. Olds), said farm being situate in the township of Antrim, Shiawassee county, Michigan, term of said mortgage to be five (5) years and said mortgage and note to draw interest at 6%, payable semi-annually.

"The further assignment by proper mortgage assignment by said parties of the second part to said party of the first part of a second mortgage covering said farm premises above described, together with collateral note thereto in the sum of five thousand ($5,000.00) dollars, executed by title holders of said farm, bearing interest at 6% per annum, payable semi-annually, term three (3) years; title to said farm to be good and merchantable and free and clear from all incumbrances excepting said mortgages and acceptable to said party of the first part and the said two mortgages set forth in the paragraph heretofore preceding and this paragraph to be taken collectively at a valuation of ten thousand ($10,000.00) dollars and same to apply on the purchase price hereinbefore specified to such extent."

This agreement was dated September 20, 1916. October 2, 1916, the first mortgage was assigned by Mr. Sherman to plaintiff and the mortgage note indorsed, and on August 11, 1917, the second mortgage was duly assigned and the mortgage note indorsed. Plaintiff foreclosed the first mortgage by advertisement, bid the property in at the sale for the amount due, and, after the period of redemption had expired, he brought this suit in assumpsit against the makers of the second mortgage note and its payee as indorser thereof. At the close of plaintiff's case, and on

motion of the defendants, the trial judge directed a verdict in favor of the defendants.

The trial judge was of the opinion that, plaintiff having a right to foreclose both mortgages, could not, under the law, foreclose on the first mortgage without such foreclosure resulting in the second one merging in the title, inasmuch as plaintiff, as purchaser at the foreclosure sale, became the owner of the equity of redemption, and held that plaintiff was estopped, after taking his remedy on the first mortgage, from foreclosing on the second one and from taking a personal judgment against the makers and the indorser of the note the second mortgage was given to secure.

The trial judge also held that:

"The taking of these two mortgages under the conditions as named here was upon the same basis as the taking of the property in Bancroft, it was taken in exchange for these two mortgages of $5,000 each, the same as the property there, and it was a liquidation of the amount of $25,000 on this indebtedness, in view of their contract."

Two questions are presented:

"(1) Did the purchase of the mortgaged premises by the plaintiff, while he was the holder of a second mortgage thereon, discharge said second mortgage and note?

"(2) Did the plaintiff, and defendant Sherman, by the terms of the agreement, extinguish the second mortgage debt by crediting the full amount thereof as a payment on the property being sold by plaintiff to defendant Sherman?"

The first question relates to the doctrine of merger and can readily be answered in the negative so far as the note is concerned. The foreclosure of the first mortgage did not extinguish the liability of the makers of the second mortgage note. Later on in the opinion we will point out the effect of the agreement upon the question of liability of the defendant Sherman.

Defendants claim:

"It is well settled law that when a parcel of land is sold subject to a mortgage that the land becomes a primary fund in the hands of the purchaser for the payment of such mortgage," citing *Lilly* v. *Palmer*, 51 Ill. 331; *Drury* v. *Holden*, 121 Ill. 130 (13 N. E. 547); *Cock* v. *Bailey*, 146 Pa. St. 328 (23 Atl. 370); *Dickason* v. *Williams*, 129 Mass. 182 (37 Am. Rep. 316); *Russell* v. *Pistor*, 7 N. Y. 171 (57 Am. Dec. 509); *National Investment Co.* v. *Nordin*, 50 Minn. 336 (52 N. W. 899).

This is true if the purchaser has assumed the mortgage, but such is not this case. An examination of the cases cited readily discloses their inapplicability to the instant case.

In *Lilly* v. *Palmer* it was held that a deed made the land the primary fund for the payment of the mortgage note sued upon, and when the plaintiff acquired title to the land he became owner of that fund and stood in the position of a mortgagee who had effected a strict foreclosure. In *Drury* v. *Holden* the purchaser assumed the mortgage as a part of the purchase price. In *Cock* v. *Bailey* the holder of bonds, secured by mortgage, purchased the mortgaged premises, subject to the lien of the mortgage. In *Dickason* v. *Williams* the mortgagee took a deed subject to his mortgage. In *Russell* v. *Pistor* the grantee of the mortgagor assumed the payment of the mortgage and then purchased the mortgage. In *National Investment Co.* v. *Nordin* the mortgagee purchased the land and assumed payment of his own mortgage.

It is also claimed that:

"When a mortgagee purchases the land at sheriff's sale upon execution, he not only extinguishes his lien upon the land, but loses his remedy on the note secured by it,"—citing *Biggins* v. *Brockman*, 63 Ill. 316.

In that case the mortgagee bought the land subject

to his own mortgage and the familiar rule of assumption of the mortgage was applied.

In *Belleville Savings Bank* v. *Reis,* 136 Ill. 242 (26 N. E. 646), the mortgagee purchased the land at foreclosure sale under his second mortgage subject to his first mortgage.

The doctrine of merger in satisfaction of the debt does not apply to this case. The purchaser at the foreclosure sale under his first mortgage did not assume payment of the second mortgage. He could no longer look to the security but he could look to the mortgagors on their note. The note and mortgage did not make the land primarily liable for the debt, and plaintiff nowhere along the line has placed himself in a position to be held to look to the land alone for his money. Plaintiff had a right to foreclose by advertisement. The validity of the foreclosure is not questioned. It may be conceded that had he proceeded in equity his lien under the second mortgage would have been considered and the sale ordered under both mortgages, but then, in case of deficiency, the personal liability of the makers of the note could have been called upon.

In this action we are not concerned with the question of whether the premises should have brought a higher price at the sale. The right to redeem gave the mortgagors leave to pay the amount and save the premises, but had they done so they would have saved the security to meet the second mortgage. Not having exercised such right of redemption, the question of sufficiency of price has not been saved to serve defendants as a defense in this suit. Inadequacy of price cannot vitiate a statutory foreclosure sale which is otherwise regular. *Cameron* v. *Adams,* 31 Mich. 426; *Carlisle* v. *Dunlap,* 203 Mich. 602. Neither does it afford ground for holding a second mortgage note satisfied though held by the same party.

The case presents some hardships, but as they arise

out of legitimate contracts and the use of remedies thereon afforded by law, plaintiff cannot be made to forego his right to press payment of the personal obligation of the mortgagors.

Whether the wife can be held in this suit as a signer of the mortgage note is not determined, the question not having been raised at the trial nor presented here. If she signed the mortgage and note merely as the wife of the mortgagor, to waive her right of dower, then she is not personally liable. *Simons* v. *McDonnell,* 120 Mich. 621. As the case must go back for a new trial we leave this question to be determined in accordance with the evidence which may be offered.

No conflicting equities existed at any time between the parties requiring a foreclosure in equity. The same parties gave the first and second mortgages to the same mortgagee, and he assigned both and indorsed the notes to plaintiff. Plaintiff had a right to maintain his action against the defendant Nicholas Sakwinski as maker of the note sued upon. Whether plaintiff can maintain this action against the defendant Antoinette Sakwinski will depend upon the evidence given at the next trial.

The court was right in entering judgment for defendant Sherman. The two mortgages were assigned and the notes indorsed by Sherman to plaintiff under the written agreement above mentioned. Plaintiff undertakes in this suit, after accepting the two mortgages and notes held by Sherman as a payment on the apartment house, to hold Sherman as an indorser of the note in suit, and thereby make him pay something more. Under the agreement it must be held that Sherman's indorsement of the note was no more than an act to pass title to plaintiff, and was not an indorsement rendering him liable to make payment thereof. Plaintiff gave Sherman credit for $10,000 on the purchase price of the apartment house for the

two mortgages and notes, and the agreement reserved no right to look to Sherman in case the plaintiff could not realize $10,000 out of the mortgages. To permit plaintiff to recover against Sherman would result in holding Sherman to pay over again, in part at least, what it was agreed was full payment of $10,000. It must be held that Sherman indorsed the notes, under the agreement merely to assign them to plaintiff, and his act in doing so was without recourse as to him. Plaintiff cannot hold defendant Sherman to make good the $10,000 or any part thereof agreed as paid by the two mortgages turned over to him.

The judgment is reversed as to the defendants Nicholas Sakwinski and Antoinette Sakwinski with costs to plaintiff, and affirmed as to the defendant Edwin P. Sherman, with costs to Mr. Sherman.

FELLOWS, C. J., and McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.