HENRY STEINER *vs.* MORRIS SCHRANK.

Suffolk. November 18, 19, 1925. — November 20, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Mortgage*, Of personal property: foreclosure, accounting by mortgagee purchasing at foreclosure sale.

If a mortgagee of personal property, who has a right to purchase at a mortgagee's sale, purchases the property at a sale fairly conducted, which was attended by the person who owned the property subject to the mortgage, for a price which was not inadequate in the circumstances but which was not large enough to pay the mortgage debt and the expenses of the foreclosure, his responsibility to the former owner of the equity of redemption ceases and he thereafter can sell the property at a profit without accounting in any way to such former owner.

CONTRACT OR TORT for $3,000, alleged to have been had and received by the defendant to the plaintiff's use. Writ

in the Municipal Court of the City of Boston dated January 7, 1925.

Material evidence at the trial in the Municipal Court is described in the opinion. The judge found for the defendant and at the request of the plaintiff reported the case to the Appellate Division, who entered an order that the report be dismissed. The plaintiff appealed.

The case was submitted on briefs.

*G. H. Mellen & H. P. L. Partridge,* for the plaintiff.

*M. B. Holsberg,* for the defendant.

BY THE COURT. The defendant as mortgagee foreclosed for admitted default in its conditions a mortgage of personal property owned subject to the mortgage by the plaintiff, and at the foreclosure sale attended by the plaintiff, purchased the property for the face of the mortgage. Three days later he sold the property at a profit.

The plaintiff states that the "only question in this case is whether the defendant (the former mortgagee) must account to the plaintiff for the profit." There is no contention that the foreclosure sale was not fairly conducted, that the price thereby obtained was inadequate or that the defendant did not have a right to purchase at the foreclosure. There was no surplus in the foreclosure sale. Indeed the price obtained was not large enough to pay the mortgage debt and the expenses of the foreclosure. The responsibility of the defendant to the plaintiff ended when a foreclosure sale under such circumstances had been completed. His trust relation then ceased to the mortgagor. The defendant became the absolute owner by purchase at the foreclosure sale and was entitled to whatever profit he was able to make subsequently. *McCarthy* v. *Simon,* 247 Mass. 514, 521.

*Order dismissing report affirmed.*