Adlow, J.,
Dissents.
I cannot agree with the opinion of the majority. The finding for the plaintiff is based on the court’s ruling that the merger of the title with the mortgage interest extinguished the mortgages. While the propriety of the court’s ruling is open to question, in view of the specific mention in the advertisement that the interest to be sold was subject to three mortgages of $5000. each, it is unnecessary to consider it here. Even if the mortgages, were extinguished! *447 by the foreclosure, the event would not extinguish the debts for which the mortgages were security. Sullivan v. Neary, 186 Mass. 158, 160. Dillon v. Lange, 280 Mass. 427, 428. Nor would the subsequent conduct of the defendant in disposing of the property after it had purchased at the foreclosure be material. As purchaser at the foreclosure the defendant became absolute owner and was free to do with the property as it pleased. Steiner v. Schrank, 253 Mass. 551. Johnson v. Cassidy, 279 Mass. 593. The obligation of the bank upon completion of the foreclosure sale was to account for all moneys received and expenses incurred in dealing with the mortgaged premises. Davis v. Newburyport Five Cents Savings Bank, 1942 Adv. Sheets, 743, 750. And the rights of the plaintiff’s assignors were dependent upon the prior satisfaction of such indebtedness as was outstanding between the estate of the original mortgagor and the defendant at the time of the foreclosure. Since the estate was indebted to the defendant in the sum of $15,460.92, and the defendant was obliged to credit same with the $5000. realized at the foreclosure, there still remains an indebtedness due the defendant of $10,460.92. In the light of this outstanding indebtedness it cannot be said that the defendant holds any surplus which in equity or good conscience the defendant should pay to the mortgagor’s estate or to those claiming through it. Chute v. Cronin, 273 Mass. 471, 474.