Graham, J.
Plaintiffs motion for summary judgment in the instant case was allowed on October 5, 1994. A hearing on damages has been scheduled. The defendant now moves to present at the hearing evidence of the proceeds plaintiff received after reselling the property. The defendant argues that the plaintiff cannot recover both from the deficiency resulting at the foreclosure sale and from the amounts received on subsequent resale to third parties.
BACKGROUND
On January 22, 1987, the defendant, Thomas R. Trafton (‘Trafton”), executed and delivered to Boston Federal Savings Bank (“BFSB”) six promissory notes each of which was secured by a mortgage on a parcel of real property. Trafton subsequently defaulted under each of the promissory notes. On December 4, 1992, after due notice of the time and place of sale, BFSB foreclosed on the subject properties and sold them at a public auction to the highest bidder. The highest bidder at the sale was BFSB.
The sale proceeds from the foreclosure sale were credited against the total amount Trafton owed on the promissory notes. BFSB then brought suit against Trafton for the deficiencies which resulted on the promissory notes after the sale of the properties. Following the foreclosure sale, BFSB resold all of the properties to third parties and obtained a sum that was greater than the total amount it had bid for the properties at the foreclosure sale. It is this “profit” that the defendant seeks to introduce a't the hearing on damages.
The defendant claims that “the most accurate measure of the bank’s damages, if any, is the difference between the balance due under its notes and amounts the bank received from third parties when it sold the condos.” For the following reasons, I disagree with this claim as a matter of law and rule that evidence of the proceeds received by the plaintiff from sales to third parties will not be introduced at the hearing on damages.
DISCUSSION
On facts similar to the instant case, the Supreme Judicial Court held that an accounting need only cover the time period from when the bank entered and took possession of the property, to when the bank com *141 pleted the foreclosure by recording the foreclosure deed. Davis v. Newburyport Five Cents Savings Bank, 311 Mass. 377, 387 (1942). The former mortgagor in Davis attempted to include in the accounting proceeds received by the bank-mortgagee after it purchased the property at the foreclosure sale and then later resold it to third parties.
The court noted that the mortgagor failed to show that the bank acted in bad faith in conducting the foreclosure sale or in the subsequent sale to the third party. Without a showing of the bank’s bad faith, the court ruled “. . . that the interest that the [mortgagor] had in the properly passed to the bank when it became the owner of the property.” Id. at 386. See also Steiner v. Schrank, 253 Mass. 551 (1925) (‘The responsibility of the [mortgagee] to the [mortgagor] ended when a foreclosure sale under such circumstances had been completed”).
Trafton’s argument that “a mortgagee cannot have double satisfaction for its debt” is without merit. Trafton has presented no evidence that BFSB acted in bad faith or did not exercise reasonable judgment or discretion in the foreclosure sale. Trafton implies that BFSB acted in bad faith by purchasing the properties for one sum and then reselling them to third parties at a higher price. This claim is contrary to established law. Massachusetts recognizes that “mere inadequacy of [the foreclosure sale] price alone does not necessarily show bad faith or lack of due diligence.” Seppala & Aho Construction Co. v. Petersen, 373 Mass. 316, 328 (1977). When the mortgagee acts in good faith towards the mortgagor at the foreclosure sale “a mortgagee may buy as cheaply as he can, and owes no duty to bid the full value of the property as that value may subsequently be determined.” Id.
Trafton’s failure to show that BFSB acted in bad faith precludes Trafton from attempting to include evidence of BFSB’s subsequent sale of the properties to third parties. BFSB became the absolute owner of the condominium properties by purchasing them at take foreclosure sale and was entitled to whatever profits it made subsequently. See Steiner, supra.
ORDER
For the foregoing reasons, it is ORDERED that the defendant’s motion be DENIED.