## J<small>OHN</small> L<small>ILLY</small>

*v.*

## O<small>RMUS</small> P<small>ALMER</small>.

1. M<small>ORTGAGES</small>—*sale by the mortgagor.* Where a mortgagor sells a part of the mortgaged premises, the purchaser assuming the payment of the mortgage as a part of the purchase money, the land purchased is, in his hands, the primary fund for the payment of the mortgage.

2. S<small>AME</small>—*where the estates of mortgagor and mortgagee unite in the same person.* And where the grantee of such a purchaser purchases the original mortgage, it is thereby paid and discharged.

3. So, where a mortgagor sold the mortgaged premises, subject to the mortgage, and a third party, having purchased the mortgage, afterwards, through several *mesne* conveyances, obtained title to the land, he thereby became vested with the estates of both mortgagor and mortgagee; the owner of the mortgage having acquired the primary fund for its payment, which is of value equal to the mortgage, he thereby occupied the position of one who had effected a strict foreclosure, and the mortgage debt must be regarded as paid, and not recoverable against the mortgagor.

A<small>PPEAL</small> from the Court of Common Pleas of the City of Aurora; the Hon. R<small>ICHARD</small> G. M<small>ONTONY</small>, Judge, presiding.

The facts in this case are fully stated in the opinion of the court.

Messrs. M<small>ETZNER</small> & A<small>LLEN</small>, for the appellant.

Mr. S. W. B<small>ROWN</small>, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the court below, brought by John Lilly, against Ormus Palmer, on a promissory note for $280, dated Nov. 18, 1865, and payable on the first day of January, 1867, to Emery E. Hall, and by him endorsed without recourse.

The general issue was pleaded, with leave to give special matter in evidence.

The jury found for the defendant. A motion for a new trial was overruled and judgment rendered against the plaintiff for costs. To reverse this judgment the record is brought here by appeal.

The note in question, it appears, was secured, with other notes, by mortgage on certain lands in De Kalb county, all payable to Hall, by Palmer. The amount of the notes were for $1,000. After the execution of the notes and mortgage, Palmer, on the 16th of January, 1866, sold this land to one Lydia A. Backer, subject to this mortgage, and so expressed in the deed, describing it as a mortgage for $800, which was filed for record on the 13th of March, 1866. In April following, Backer and wife conveyed this land to Mary Fuller, with other land, taking a mortgage from her for $2,175, which mortgage Backer sold to the plaintiff, and after selling it, he bought back the land from Mrs. Fuller, and made a quit-claim deed of the same to the plaintiff on the 5th of January, 1867. Prior to this time, the plaintiff had purchased of Hall his mortgage and had the same assigned to him.

The status of the plaintiff then, was this: By the conveyance from Backer, and from Hall, the first mortgagee, the estates of both mortgagor and mortgagee became vested in him.

The deed from Palmer to Backer made the land the primary fund for the payment of the notes to Hall, of which the note in suit was one, and when the plaintiff took the deed from Backer, he became the owner of that fund, and he then stood

in the attitude of a mortgagee who had effected a strict foreclosure.

In *Russell* v. *Pistor et al.* 3 Selden (N. Y.) 171, it was held, where a mortgagor sells a part of the mortgaged premises, the purchaser assuming the payment of the mortgage as a part of the purchase money, the land purchased is, in his hands, the primary fund for the payment of the mortgage, and where the grantee of such a purchaser purchases the original mortgage, it is thereby paid and discharged.

This case is directly in point on this question.

The evidence shows the land was worth this mortgage, besides the fifteen dollars paid to Backer by plaintiff, and the rent of the land to him for one year, so that the plaintiff stands in the position of one who has effected a strict foreclosure. The jury, therefore, had a right to find the note was paid.

The deed, with the suppletory proof by Backer that he had taken it to the proper office to be recorded, and paid the fees, was, with the endorsement on it, that it was filed for record, sufficient to allow it to go in evidence.

The case was properly put to the jury by the instruction given for the defendant.

The judgment must be affirmed.

*Judgment affirmed.*