THE BELLEVILLE SAVINGS BANK

*v.*

SUSANNA REIS *et al.*

</div>

*Filed at Mt. Vernon January 24, 1891.*

1. MORTGAGES—*merger in the fee—the entire estate vested in the mortgagee—extinguishment of the debt.* Where one is absolutely entitled, in his own right, to a charge or incumbrance upon land, with no intervening interest or lien, the charge will, at law, merge in the ownership, and cease to exist. Under like circumstances a merger will take place in equity, where no intention to prevent it has been expressed, and none is implied from the circumstances and the interests of the party.

2. The mortgage debt will be presumed to have been discharged as soon as the holder of it becomes invested with the title to the mortgaged premises, on the principle that a party can not sue himself at law

or in equity. The purchaser will be presumed to have bought the land at its value, less the amount of indebtedness secured thereon, and equity will not allow him to hold the land and still collect the debt from the mortgagor.

3. Same—*prior mortgagee purchasing under junior mortgage—effect as an extinguishment of the prior mortgage debt.* Where the holder of a debt secured by mortgage becomes the purchaser of the title to the land under a bill to foreclose a second mortgage, and receives a certificate of purchase, he will, after the period allowed for redemption, be the equitable owner of the land, although he has not taken out a deed; and if there are no intervening rights, the prior mortgage, and the debt thereby secured, will be merged in his equitable title, and extinguished, and he can not thereafter collect the original debt thus extinguished.

4. Judicial sales—*time to take out the deed—effect of neglect.* Where the purchaser of land at a master's sale fails to take out a deed on his certificate of purchase within five years, the certificate becomes void, and the purchaser's right to a deed will be gone.

5. Same—*rights of mortgagor—where deed under junior mortgage is not taken out in proper time.* On cross-bill by the heirs of a deceased mortgagor, to have the notes and mortgage of their ancestor declared satisfied and extinguished by the mortgagee's purchase of the title to the mortgaged premises on the foreclosure of a second mortgage, and no deed has been taken on the purchase within five years, and such heirs disclaim any title, and tender the property to the purchaser, the court will have the power to, and should, as a condition to the relief sought, require the heirs to make conveyances of the property to the purchaser within a given time, and in default of their doing so, direct the master in chancery to convey the title in them.

6. Same—*rights under junior mortgage—although deed not taken out.* A bank, being the holder of a mortgage on land, took a deed of trust on the same property for a second loan, and had the deed of trust foreclosed, and at the sale bid in the property subject to the prior mortgage, but failed to take out a master's deed in five years. The bank then filed its bill to foreclose the prior mortgage. The mortgagor's widow and heirs filed an answer and cross-bill, alleging the extinguishment of the mortgage debt. The court decreed the cancellation of the notes and mortgage, and also the note and deed of trust, which was but partially paid by the foreclosure sale: *Held,* error to cancel the note and deed of trust without payment of the balance due thereon.

Appeal from the Appellate Court for the Fourth District;— heard in that court on writ of error to the Circuit Court of St. Clair county; the Hon. Amos Watts, Judge, presiding.

This was a bill filed on the sixth day of February, 1884, in the Circuit Court of St. Clair County, to foreclose a mortgage executed on April 6, 1874, by Frederick Reis, since deceased, and Susanna Reis, his wife, upon parts of lots 135 and 136 in the original town of Belleville, to the appellant, The Belleville Savings Bank, to secure a note of the same date made by said Reis to said Bank for $6000.00, payable in one year with interest at the rate of ten per cent per annum payable semiannually, and given for borrowed money, and upon which payments were made of all the interest due up to October 6, 1876. Frederick Reis, as it is alleged in the bill, died in 1876, leaving him surviving his widow, the appellee, Susanna Reis, and six children, who are the other appellees herein. The bill was filed by the Bank as complainant against said widow and children, as defendants.

The answer admits the execution of the note and mortgage and the death of Reis and that defendants are his widow and children, but charges that the indebtedness in question has been paid and that the note and mortgage should be cancelled. It is alleged in the answer, that on August 28, 1875, said Frederick Reis, and Susanna his wife, executed "their certain trust deed to Edward Abend, trustee, and the said Belleville Savings Bank, *cestui que trust*," conveying the same property covered by said mortgage, and, also, in addition thereto, a part of lot 44 in the original town of Belleville, for the purpose of securing another note for $4000.00, dated August 28, 1875, made by the said Reis payable to the order of said Bank six months after date; that, on April 4, 1877, the Bank filed its bill in said Circuit Court against the said defendants to foreclose said trust deed, and obtained a decree of foreclosure and sale; that, on July 13, 1877, a Master's sale was had in pursuance of said decree, at which sale the part of lot 44 above named was sold to Susanna Reis for $2300.00, and the balance of the property, being the same portions of said lots 135 and 136 described in the mortgage, was struck off and

sold for $50.00 to said Abend, trustee, who bid for the same
for and on behalf of the Bank; that the sale was confirmed
by the court and the purchase money, $2350.00, was paid to
the master and by him paid to the Bank; that the master in
chancery made and delivered to said Abend a certificate of pur-
chase for the portions of lots 135 and 136 so bid off by him;
that said certificate was received and held, and is still held by
the Bank; that the premises so sold to the Bank were reason-
ably worth $10,000.00 at the time of the sale; that, at the time
of the execution of said mortgage and trust-deed and at the
time of said sale, said Abend was and still is the president of
said Bank; that said premises have never been redeemed by
defendants or by any creditor; that the time for redemption
has expired; that the defendants have no right to redeem;
that the mortgage was past due and payable when the bill to
foreclose the trust deed was filed; that said Bank and Abend,
its president, had notice that said sale was made subject to
said mortgage, and that the property so bought for it by Abend
was worth $10,000.00; that defendants have tendered and
now surrender said premises to the Bank in satisfaction of
said mortgage, and disclaim all title to and ownership in said
premises.

Exceptions were filed to the answer and overruled.  After-
wards defendants filed a cross-bill, and, upon April 2, 1886,
an amended cross-bill.  The amended cross-bill contains the
same allegations as those made in the answer as above set
forth; and also avers that, when the bill to foreclose the trust-
deed was filed, the mortgage and trust-deed and notes secured
thereby were all held and owned by the bank; that "the Bank
in equity and good conscience should release and cancel the
said notes and incumbrances;" that, in 1876, Susanna Reis
was appointed executrix of the will of Frederick Reis, deceased;
that, on March 18, 1876, the said Bank "filed the said notes
secured by the mortgage and trust deed in the original bill
herein described" in the County Court against the estate of

Frederick Reis, and the same were allowed as a claim against the estate and ordered to be paid in due course of administration; and that the bank is seeking to enforce said claim although it has been satisfied. The prayer of the amended cross-bill is, that the said note and mortgage, securing the same, and all claim based thereon, be cancelled and the debt satisfied; that said note and mortgage be surrendered to complainants; that all demands of the Bank "by virtue of encumbrances upon said real estate be held for naught," and that the Bank take said real estate in full satisfaction of its claims.

The Bank demurred to the cross-bill; the demurrer was overruled. The Bank having been ruled to answer the amended cross-bill by a certain day and having failed to so answer, default was entered and a decree rendered in accordance with the prayer. The decree directed, among other things, that "the note and mortgage in the original bill mentioned as well as the note and trust deed in the cross-bill mentioned, in which deed Abend was trustee, be cancelled   *   *   *   and that the judgment of the County Court allowing the amount due on the notes secured by the encumbrances aforesaid be set aside."

Afterwards the Bank tendered a demurrer to the amended cross-bill and moved to set aside the decree *pro confesso*, but the court denied the motion. The Bank then asked for a hearing on the original bill and tendered the note and mortgage as evidence, but the court refused to admit the evidence and dismissed the bill.

The Appellate Court has affirmed the decree of the Circuit Court, but modified the same in certain respects which are hereinafter mentioned. Such judgment of the Appellate Court is brought before us for review by appeal.

Mr. Charles W. Thomas, for the appellant:

If all the facts alleged in the cross-bill were true, they constitute no defense to the suit to foreclose the mortgage. The only theory upon which the purchase by Abend, at the sale

under the second lien, could operate as a payment of the note secured by the first lien, is, that the ownership of the bank of property upon which the first lien rested, operated, by way of merger, to extinguish the bank's lien, and satisfy its debt thereby secured. There are fatal objections to this position. In the first place, neither Abend nor the bank ever became the owner of the property. No deed was ever taken on the certificate of purchase, and none ever can be taken, as more than five years from the time of the sale had elapsed before this suit was brought. Rev. Stat. chap. 77, sec. 30.

The following cases, in which it has been held that when a mortgagee acquires the fee the debt is merged in the land, have not the remotest application to this case, because here neither the mortgagee, nor any one for it, has acquired the fee : *Weiner* v. *Heintz,* 17 Ill. 259 ; *Merritt* v. *Niles,* 25 id. 282 ; *Mines* v. *Moore,* 41 id. 273 ; *Biggins* v. *Brockman,* 63 id. 316 ; *Robins* v. *Swain,* 68 id. 197 ; *Lilly* v. *Palmer,* 51 id. 331.

Mr. CHARLES P. KNISPEL, and Mr. A. S. WILDERMAN, for the appellees :

Where the holder of the first and second mortgages foreclosed the second, the first is merged and satisfied, and the mortgagor is no longer liable on the note. *Bassett* v. *Mason,* 18 Conn. 131 ; *Weiner* v. *Heintz,* 17 Ill. 259 ; *Merritt* v. *Niles,* 25 id. 283 ; *Smith* v. *Smith,* 32 id. 198 ; *Mines* v. *Moore,* 41 id. 273 ; *Finley* v. *Thayer,* 42 id. 350 ; *Lilly* v. *Palmer,* 51 id. 331 ; *Biggins* v. *Brockman,* 63 id. 316 ; *Robins* v. *Swain,* 68 id. 197.

The mortgagee, on becoming the purchaser, is bound to complete his purchase to the same extent as any other purchaser. *Hood* v. *Adams,* 124 Mass. 481.

The rights of the parties are not changed, even if plaintiff in error, by its own neglect, lost the title acquired by the sale. *Finley* v. *Thayer,* 42 Ill. 350.

Mr. Justice Magruder delivered the opinion of the Court:

The appellant, being the owner of the first mortgage upon certain property and also of the second mortgage or trust-deed upon the same property, foreclosed the latter by bill in chancery and bought in the equity of redemption. There was no intervening incumbrance. The property was worth more than the amount due on the first mortgage added to the amount of the bid therefor at the foreclosure sale. The sale was made subject to the first mortgage. The debt secured by the first mortgage was over due when the sale under the foreclosure of the trust-deed was made. During fifteen months after the sale while the right of the mortgagor and his creditors to redeem continued, no merger occurred by the mortgagee's purchase of the equity of redemption at the foreclosure sale under the second mortgage or trust-deed. But if, after the expiration of the fifteen months allowed for redemption, the appellant had obtained a master's deed upon the certificate of purchase held by it, it is admitted that there would then have been a merger, or, at any rate, an extinguishment of the mortgage debt. The case of *Biggins* v. *Brockman*, 63 Ill. 316, is precisely applicable to the case at bar, with the exception that, there, a sheriff's deed was taken out after the right to redeem from the execution sale had ceased, while, here, the Bank neglected to obtain a deed from the Master after the expiration of the fifteen months; and, although more than five years have elapsed since the expiration of the time of redemption, no master's deed has yet been executed to the holder of the certificate.

It is not denied, that the purchase by the appellant of the property under the state of facts above set forth would operate in equity as a payment or extinguishment of the debt secured by the mortgage, if the certificate of purchase had been surrendered and a master's deed had been executed. When one, who is absolutely entitled in his own right to a charge or in-

cumbrance upon land, becomes the owner in fee of the same land, with no intervening interest or lien, the charge will at law merge in the ownership and cease to exist. Under like circumstances a merger will take place in equity where no intention to prevent it has been expressed, and none is implied from the circumstances and the interests of the party. (2 Pomeroy's Eq. Jur. sec. 790.) The premises in such case become the primary fund for the payment of the mortgage, and whoever acquires that fund and the mortgage also must be regarded as having applied the fund to the payment of the mortgage.. (*Lilly* v. *Palmer*, 51 Ill. 331; Jones on Mtges. sec. 865.) The indebtedness will be presumed to have been discharged so soon as the holder of it becomes invested with the title to the land upon which it is charged, "on the principle that a party may not sue himself at law or in equity." "The purchaser is presumed to have bought the land at its value less the amount of indebtedness secured thereon, and equity will not permit him to hold the land and still collect the debt from the mortgagor. (*Biggins* v. *Brockman, supra; Weiner* v. *Heintz*, 17 Ill. 259; *Shinn* v. *Fredericks*, 56 id. 439.)

We do not think it makes any difference in the application of these principles to the case in hand, that no master's deed has ever been issued to the holder of the certificate of purchase.

The Circuit Court had before it, when it made its decree, the Bank with whatever of equitable right remained in it, and the widow and heirs of the mortgagor, Reis, with whatever title remained in them, or had reverted to them after the lapse of the five years; and, with all these parties before it, it decreed that the Bank should take the property in question in satisfaction of the mortgage. It does not appear that any third persons have acquired any rights in the property. The only persons besides the Bank having any interest are the appellees, and the appellees have tendered the property to the Bank, and, in their pleadings, they offer to surrender it and disclaim any right, title or interest in it. We see no reason, therefore,

why the Court had not the power to in some way clothe the Bank with the ownership of the property in view of all the circumstances here detailed. We think the Court decided correctly in holding that the indebtedness secured by the note and mortgage had been paid, and that the judgment in the county court upon said note should be cancelled. But we think that the Court should have required the complainants in the cross-bill to make conveyances to the Bank of the property within a certain time, and that, in default of their doing so, the master should convey it.

We agree with the Appellate Court that the Circuit Court erred in decreeing the note and trust-deed in the cross-bill to be cancelled. It was sufficient to order the cancellation of the note and mortgage named in the original bill. When the trust deed was foreclosed, the total amount bid was $2350.00. After crediting the $2350.00 upon the amount of the decree in the foreclosure suit, the Bank had the right to enforce the balance of the decree, and to have the judgment in the county court upon the note secured by the trust deed stand, after applying as a credit the proceeds of the foreclosure sale. The Appellate Court modified the decree of the Circuit Court so far as to recognize and preserve to the Bank said right; and its action in this regard is approved. But we must send the case back on account of the failure of the Circuit Court to direct the property to be conveyed to the Bank in the manner above specified.

The judgments of the Appellate and Circuit Courts are reversed, and the cause is remanded to the Circuit Court with directions to modify its decree in the respects indicated herein and in the judgment of the Appellate Court.

*Judgment reversed.*