## Albert W. Hester v. G. S. Frary.

1. Appellate Court Practice—*Finding the Grounds upon Which a Judgment is Based.*—To find the grounds upon which the judgment of the court below is based, this court can only look to the evidence and the propositions of law held.

2. Evidence—*When Inherently Improbable, May Be Rejected.*— The testimony in a case, although not directly contradicted, is not necessarily conclusive, if a court or jury views it as inherently improbable it may be rejected.

3. Real Estate—*Merger of Titles, When Presumed—Intention.*— A person owning the title of real estate in fee has the right to buy a mortgage lien thereon, created by a predecessor in title, to keep such lien alive for certain purposes, and to prevent a merger of the mortgage lien with the fee. And this he may do to protect his title by cutting off intervening claims which are liable to come between the mortgage and the conveyance in fee; but in such cases there must be an intention to prevent a merger; in the absence of such an intention, the merger will be presumed.

4. Merger—*Of a Mortgage Lien and the Fee Title.*—An owner of the fee may purchase a mortgage lien thereon, created by a predecessor in title, for the purpose of protecting his own title by cutting off intervening claims which might come in between the mortgage and the conveyance of the fee.

5. SAME—*Doctrine of the Prevention of.*—The doctrine of the prevention of a merger is a rule of equity jurisprudence.

**Action on a Covenant of Assumption.**—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed December 12, 1901.

**Statement.**—This suit was brought to recover principal and interest due upon a promissory note for the principal sum of $4,000, made by James Hood, payable to his own order and by him indorsed in blank. It is sought to charge appellant with liability upon this note, because as grantee of certain real property he assumed the payment of an indebtedness secured by mortgage upon the property, which indebtedness was evidenced by this promissory note. The history of the transactions in relation to the note is as follows: Hood, after having made the note and after having secured it by trust deed in the nature of a mortgage upon premises in Cook county, Illinois, conveyed the premises to appellant, subject to the mortgage indebtedness, which appellant assumed and agreed to pay as part of the consideration for the conveyance. The consideration named in the deed was $20,000. Afterward appellant conveyed to Brinkman the same premises by deed, which stated the consideration thereof to be $20,000. Brinkman made a second and junior trust deed on the premises, which, coming to the hands of one Keck, was by him foreclosed, and under decree of court entered May 16, 1896, was sold on June 9, 1896, to Keck, and a certificate of sale issued therefor to Keck, the amount for which the property was sold being $4,557.41.

On September 20, 1897, redemption not having been made from the foreclosure sale on said second mortgage, a master in chancery delivered to Keck a master's deed for said premises.

On January 10, 1898, Keck and wife conveyed the premises in question to Charles S. McNett, who has ever since been and now is the owner of said real estate.

On November 21, 1899, two days before the maturity of

the first mortgage note, the note here sued upon, McNett went to the office of Chandler & Company, mortgage bankers, and purchased the note and interest coupons, and the same were delivered over to him uncanceled, together with the trust deed securing the same.

There is a conflict in the contentions of the litigants as to whether McNett made this purchase for appellee or for himself.

This suit was brought in assumpsit by the appellee against James Hood, the maker of the note, and the appellant jointly. Demurrers having been interposed to the *narr.*, and sustained by the court, the appellee elected to dismiss as to Hood, and filed an amended declaration against appellant alone. The declaration consisted of a single count upon the covenant of assumption in the deed from Hood to appellant, to which a plea of the general issue was filed, and issue being joined thereon, the cause was submitted to and tried before the court without a jury.

Among other propositions of law held by the court is one which the court prepared of its own motion and marked "held." It is in part as follows:

" The court further holds as a matter of law that when a person owns land with an outstanding mortgage lien thereon, created by a predecessor in title, he may buy such mortgage lien and keep it alive, and it does not merge in the fee title, unless there is an intention that it shall so merge."

The court found the issues for the plaintiff below, the appellee here, and having assessed his damages at $4,464.73, entered judgment for that amount.

JOHN D. HOOD, attorney for appellant.

CHARLES S. McNETT, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The chief question presented upon this record is as to whether, if McNett bought the mortgage note sued upon in his own right, and not as agent for appellee, his claim to the mortgage indebtedness evidenced by the note became

thereby merged in his title in fee to the premises.   He was the owner of the fee of the premises upon which this mortgage note was secured at the time when he purchased the note from Chandler & Co.   If it appeared from the record that the trial court had found as fact that McNett did not buy the note in his own right, but did buy it as agent of appellee, and that the judgment was based upon such finding of fact, we might, perhaps, be warranted in affirming the judgment upon the ground that such finding of fact was not manifestly against the weight of the evidence.

But we can look only to the record for the purpose of determining the grounds upon which the trial court acted. A statement given in appellee's brief as a statement made by the court upon giving judgment, is no part of the record and can not be considered as presenting the basis of the judgment.   To find the grounds upon which the judgment is based, we look only to the evidence presented and the propositions of law held.

Nor can we say that the evidence is such that the court could reach no other conclusion of fact, but that McNett bought the note as agent of appellee.   Aside from the fact that McNett apparently dealt with Chandler & Co. in his own behalf in buying the note, for which he paid by his own check, there is no direct evidence that he made the purchase in his own right.   McNett and Frary, the appellee, both testify that the purchase was made for the latter by McNett, acting as agent.   But this testimony, although not directly contradicted, is not of necessity conclusive.   If court or jury viewed it as inherently improbable, it might be rejected, although not directly contradicted by the testimony of witnesses.   Highly v. Am. Exch. Bank, 86 Ill. App. 48, and cases therein cited; Podolski v. Stone, Id. 62.

The testimony in question is to the effect that McNett, acting as the agent of appellee, bought this paper for the latter as an investment.   But when the purchase was made appellee had no knowledge of this paper, nor did he have funds in the hands of McNett sufficient to buy the paper. As an investment it was of doubtful value, for the note,

when bought by McNett, had only two days to run till its maturity. McNett had an apparent motive, as owner of the real estate mortgaged, in purchasing the note. It is difficult to discover any adequate motive which might prompt appellee to buy the note.

In view of all these circumstances it could not be held that the evidence to establish a purchase by appellee through McNett, as his agent, is so conclusive as to leave no other determination of the issues possible, except a finding for appellee.

It becomes, therefore, necessary to determine whether the court applied correct propositions of law to the evidence.

If McNett bought for himself, did the purchase effect a merger of the claim with the title in fee? We are of opinion that it did. It is true that it is possible for one owning the title in fee to buy a mortgage lien thereon, created by a predecessor in title, and to keep such mortgage lien alive for certain purposes, and to prevent a merger of the mortgage lien with the fee. This one might do, to protect his title by cutting off intervening claims, which might come in between the mortgage and the conveyance of the fee. In such case there must be an intention to prevent a merger. In the absence of such intention, the merger will be presumed. The proposition held by the learned trial court should have stated the rule conversely, *i. e.*, that there is under the facts stated a merger unless there is an intention shown to the contrary. Campbell v. Carter, 14 Ill. 286; Weiner v. Heintz, 17 Ill. 259; Edgerton v. Young, 43 Ill. 464; Lilly v. Palmer, 51 Ill. 331; Ætna Ins. Co. v. Corn, 89 Ill. 170; Blatchford v. Blanchard, 160 Ill. 115.

But here there is no reason shown why such merger should not be presumed. No intervening rights appear against which McNett might protect his title by keeping the mortgage lien alive. McNett does not testify that he bought the note with the intent to keep the claim evidenced by it alive and to prevent a merger, for he testifies that he never bought it at all. Nothing appears in the evidence which would warrant the conclusion that McNett, in

buying the note, if he did buy it for himself, intended to prevent a merger.

There is no apparent ground for an intention to prevent a merger, except that payment of the note might be enforced from the original maker, or from appellant, who had assumed the obligation, by McNett, who had bought the note, and who owned the land mortgaged for its payment. For this purpose, we are of opinion that the intent to prevent a merger could not be presumed even in a suit in equity, and certainly not in an action at law, from a mere lack of any intention expressed that there should be a merger. Biggins v. Brockman, 63 Ill. 316; Belleville Bank v. Reis, 136 Ill. 242.

The doctrine of prevention of merger is a rule of equity jurisprudence, and this action is at law. Appellant is no party to the note sued on by reason of having executed or indorsed it. The only ground upon which this action in assumpsit could lie against him, is that he has assumed the indebtedness evidenced by the note. But the debt is extinct if there was a merger, and the recovery could not in that event be had. Biggins v. Brockman, *supra;* Belleville Bank v. Reis, *supra.*

The proposition of law held by the court leaves doubt as to whether the law was correctly applied. We are not so impressed that substantial justice has been done in this case as to warrant us in affirming the judgment, in view of the holding of the trial court as to the law. It becomes unnecessary to consider other questions raised by reason of the conclusion reached.

The judgment is reversed and the cause is remanded.