Harold L. Priess, Appellant, v. Herbert J. Buchsbaum, Appellee.

Gen. No. 43,986.

Opinion filed November 19, 1947. Rehearing denied December 23, 1947. Released for publication December 24, 1947.

C. A. CAPLOW, of Chicago, for appellant.

THEODORE STONE, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

In a complaint filed September 22, 1939 in the circuit court of Cook county by Harold L. Priess against Herbert J. Buchsbaum, he averred that on August 14, 1931, Samuel M. Priess recovered a judgment at law against Herbert J. Buchsbaum and Louis Bomash for $21,756.25 in the circuit court of Cook county; that no part of the judgment or the interest has been paid; that the judgment remains in full force and effect; that on September 18, 1939, the judgment creditor made a written assignment of the judgment to plaintiff, which assignment was filed in the clerk's office on September 22, 1939, a copy of which is attached to the complaint; that plaintiff is the *bona fide* owner of the judgment; and he asks that judgment be entered in his favor and against the defendant, Herbert J. Buchsbaum, for $21,756.25, with interest at the rate of 5 per cent from and after August 14, 1931. Defendant filed an answer consisting of 13 paragraphs. Plaintiff moved to strike paragraphs 3 to 12 of the answer and he replied to paragraph 13. Plaintiff's motion was sustained. Pursuant to leave of court defendant filed a 16 page amended answer.

The facts appearing in the complaint and amended answer are as follows: The defendant Buchsbaum and one Bomash purchased a parcel of real estate located in Cook county from Samuel M. Priess and others and on November 1, 1928, and as a part purchase price, executed a series of promissory notes, together with trust deed of even date therewith to Nathan L. Quadow, as trustee, which trust deed was recorded on November 7, 1928 as document No. 10199265. The notes contained a power of attorney to confess a judgment. On August 14, 1931, Samuel M. Priess caused the judgment to be entered. At that time the major portion of the notes was not due. On March 1, 1930, title to the real estate was deeded to Bomash and the indebtedness in question was considered in and made a part of the consideration of such transfer and Bo-

mash assumed and agreed to pay all the mortgage indebtedness as part of the consideration. Bomash later became bankrupt and the fee title to the real estate became vested in Charles A. Willoughby, as trustee in bankruptcy. All of these facts were known by Samuel M. Priess and the plaintiff Harold L. Priess.

On January 15, 1932, Samuel M. Priess, acting by and through the plaintiff Harold L. Priess, his son, who was his attorney and agent in the transaction, acquired title to the real estate from Willoughby, the trustee in bankruptcy. The mortgage indebtedness in question was considered in and formed part of the consideration for this conveyance. Samuel M. Priess was then the owner of the mortgage indebtedness evidenced by the judgment sued upon, and which was then secured by the lien of the judgment and the mortgage on the real estate, the ownership of which he thus acquired. On October 23, 1935, Samuel M. Priess and the plaintiff Harold L. Priess, who was his agent and attorney in the transaction, acting together jointly, executed a release and discharge of the lien of the judgment against the real estate, and on November 6, 1936, caused a release deed to be executed by Quadow, as trustee, releasing the lien of the trust deed of record. Both the release of lien and the mortgage were recorded. The defendant, Herbert J. Buchsbaum, had no knowledge or information relative to the release of the lien of the judgment or of the trust deed and did not consent to it. The real estate was more than ample security for the payment of the notes and the judgment obtained on them, and would have been ample to pay and discharge the defendant's obligation on the notes and judgment if the said liens had not been released. By such release the defendant was ''damaged in an amount in excess of the plaintiff's claim'' in this suit.

When the real estate was purchased by Buchsbaum and Bomash in 1929, it was subject to a prior mortgage of $150,000 evidenced by the notes of Samuel M. Priess,

his wife and others, and default having been made in the payment of this indebtedness, a foreclosure proceeding was instituted in the superior court to foreclose the equity of redemption and interest of all parties in the real estate whose interests were subordinate to the holders of the indebtedness secured by the said trust deed of Samuel M. Priess and others. On October 24, 1935, which was the day following the execution of the release of the judgment lien, Samuel M. Priess, acting by and through the plaintiff, Harold L. Priess, conveyed the real estate to one Warren L. King, and the latter on August 8, 1936, conveyed the premises to Irving Ginsberg. The lien of the judgment and of the trust deed having been released of record, Ginsberg redeemed the real estate from the master's sale held in the foreclosure of the first mortgage, and received a certificate of redemption dated March 20, 1937, which he recorded two days later. Upon redemption the real estate became free and clear of any mortgage indebtedness and Ginsberg conveyed the title to Liberty National Bank, as trustee, which then executed and placed of record a new mortgage dated August 3, 1937.

Plaintiff moved to strike paragraphs 1 to 15 of the amended answer and to enter judgment for him for the reasons that it does not appear that the defendant is or has been released of the obligation to pay the judgment, and that it does not appear that the defendant has asserted or interposed any valid legal defenses to the judgment. Paragraph 16 of the amended answer alleged that subsequent to the rendition of the judgment and prior to the assignment thereto, Samuel M. Priess was adjudicated a bankrupt in the United States District Court, at which time he was the purported owner of the judgment, and that by virtue thereof title to the judgment became vested in the trustee in bankruptcy. As to paragraph 16 of the amended answer, plaintiff replied that on March 8, 1939, the United States District Court entered an order

giving the trustee in bankruptcy leave to abandon as an asset the judgment described in the complaint, and that pursuant thereto the trustee abandoned the judgment as an asset. On account of one of the parties being in the military service, the matter did not come on for hearing until September 23, 1946, at which time the court overruled plaintiff's motion to strike the amended answer. Plaintiff elected to stand upon his motion, and to facilitate the entry of a final order, defendant withdrew paragraph 16 of his amended answer and plaintiff withdrew his reply thereto. Thereupon the court entered judgment for the defendant and against plaintiff. Appealing, plaintiff asks that the judgment be reversed, that his motion to strike defendant's amended answer be sustained, and that judgment be entered in conformity with the complaint.

The first point advanced by plaintiff is that the only defenses available to an action at law on a judgment are that no judgment was rendered, or that it has been satisfied or discharged, and that satisfaction or discharge of the judgment must be of record to be available as a defense. Defendant maintains that defenses available in an action at law on a judgment include any matters showing that the judgment has been satisfied or discharged; that under the Civil Practice Act both legal and equitable matters may be pleaded in an answer; that sureties may plead defenses of equitable nature in actions at law; and that the changing character of a mortgage debt from a note to judgment does not affect the equitable rights of the parties with respect to the mortgage. Plaintiff, in arguing his points, attacks the answer and the amended answer. The amended answer is a complete pleading and not an amendment to the answer. When the court sustained plaintiff's motion to strike the answer and defendant obtained leave to and did file an amended answer, the intent was that the amended answer would set forth or attempt to set forth a defense or defenses.

An examination of the answer and the amended answer shows that the latter contains substantial averments omitted in the former. Where the amended answer adequately pleads a defense or defenses, it will not be vulnerable to a motion to strike even though the answer is vulnerable. Plaintiff asks us to carry his motion to strike the amended answer back to the answer, relying upon subpar. 4, sec. 45 of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 169, subpar. (4); Jones Ill. Stats. Ann. 104.045, subpar. (4)], that upon motions based upon defects in pleadings, substantial defects in prior pleadings may be considered in so far as they are material to the ruling sought. This paragraph is not applicable for the reason that plaintiff's motion to strike the answer was sustained and the defendant, accepting that ruling, on leave of court, filed the amended answer now under attack. Plaintiff's motion to strike the amended answer admits all such matters of fact as are well pleaded, but not the arguments or legal conclusions. In passing on plaintiff's motion to strike the amended answer, the trial judge was right in considering only the amended answer and the motion to strike.

Plaintiff maintains that the only defenses available to an action at law on a judgment are that no judgment was rendered, or that it has been satisfied or discharged, and that the satisfaction or discharge must be of record to be available as a defense. In *Bank of Edwardsville v. Raffaelle*, 381 Ill. 486, the court said (489):

"The only defenses which can be set up in a *scire facias* proceeding are that no judgment was rendered, or, if one was rendered, it has been satisfied· or discharged."

Sec. 55 of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 179; Jones Ill. Stats. Ann. 104.055] provides that it shall not be necessary to use a writ of

*scire facias,* but that any relief which might have been obtained by that writ may be had by employing an ordinary civil action at law. This section leaves open the use of *scire facias* as at common law, but gives the option of an ordinary civil action through the filing of a complaint and issuance of summons as in other civil cases. In *Waterbury Nat. Bank v. Reed,* 231 Ill. 246, the court said (250):

"The proceeding by *scire facias* to revive a judgment is not brought to determine the obligations of the defendant to the plaintiff as involved in the original controversy, but is for the purpose of reviving the original judgment in order that execution may issue thereon, and in such proceeding the defendant cannot show any matter which was pleaded or might have been pleaded in the original suit. The only defenses which can be set up in a *scire facias* proceeding are that no judgment was rendered, but if one was rendered that it has been satisfied or discharged."

In a *scire facias* to revive a judgment, the judgment order entered is that the original judgment be revived and that plaintiff have execution against the defendant for the amount of the original judgment with costs. *Waterbury Nat. Bank v. Reed, supra.* In the instant case the plaintiff is not proceeding by *scire facias,* nor is he asking to revive the judgment. Under the authorities the defendant in the instant case had the right to show that the judgment had been satisfied or discharged. This he sought to do by two defenses, both of which arose after the entry of the judgment. In our opinion, the defendant was within his rights in attempting to show that the judgment had been discharged. ██ The first defense asserted in the amended answer is that the acquisition of the title to the real estate by the owner of the mortgage indebtedness operated as a merger at law of the lesser and the

greater estates and extinguished the debt supporting the lien of the mortgage. The amended answer avers that on January 15, 1932, while Samuel M. Priess was the owner of the mortgage indebtedness evidenced by the judgment sued upon, he acquired title to the real estate which secured the indebtedness through the plaintiff, Harold L. Priess, as agent in that behalf, by deed from Charles Willoughby, as trustee in bankruptcy. Harold L. Priess was his son and attorney. The mortgage indebtedness evidenced by the judgment was considered in and formed a part of the consideration for the conveyance. The vesting at the same time in Samuel M. Priess of the title and ownership of the mortgage indebtedness secured by the mortgage upon the title, resulted in a merger in him and extinguished the debt evidenced by the judgment which had been taken upon the notes secured by the mortgage. The merger extinguished the debt for which the mortgage was security. The purchaser is presumed to have bought the land at its value less the amount of the indebtedness secured thereon, and equity will not permit him to hold the land and still collect the debt from the mortgagor. *Lilly v. Palmer,* 51 Ill. 331; *Donk v. Alexander,* 117 Ill. 330; *Belleville Savings Bank v. Reis,* 136 Ill. 242; *Grossman v. Lifshitz,* 261 Ill. App. 523.

A second defense presented in the amended answer is that the wrongful release of the mortgage lien operated as a release of the defendant, the mortgagor, as surety to the extent of the value of the land released. Defendant became surety upon the conveyance to Bomash of the property secured by the mortgage and Bomash assumed and agreed to pay the mortgage debt as part of the purchase price, all of which facts were known to Samuel M. Priess, who, at the time, was the owner of the mortgage indebtedness. Defendant's position as surety was further affirmed when Samuel M. Priess, through the plaintiff as his agent, acquired from Bomash's trustee in bankruptcy

the title to the real estate in connection with which acquisition the mortgage debt was considered in and formed a part of the purchase price. Upon the conveyance of the real estate to Bomash the mortgage indebtedness evidenced by the judgment sued upon was considered in and formed a part of the purchase price, and Bomash, as grantee, assumed and agreed to pay it. Samuel M. Priess and the plaintiff had knowledge of these facts. It then became incumbent upon the mortgagee having knowledge of the relationship not to release or impair the security to the prejudice of the surety. Samuel M. Priess, having knowledge of the suretyship relation of the defendant to the mortgaged premises, released the security represented by the judgment lien and the mortgage without the knowledge or consent of the defendant. The real estate was more than ample to secure the payment of the mortgage indebtedness, and if it had not been released would have been sufficient to pay and discharge the judgment. The first mortgage was subsequently paid off through a redemption from a master's sale in the foreclosure of that mortgage, and the realty, being free of encumbrances, a new mortgage to a third person was placed thereon. The surety's right of subrogation was thus completely destroyed. *Thompson v. Dearborn,* 107 Ill. 87; *Prudential Ins. Co. v. Bass,* 357 Ill. 72; *Brosseau v. Lowy,* 209 Ill. 405. The merging of the indebtedness evidenced by the mortgage notes in the judgment did not change the nature of the indebtedness with respect to the mortgage, nor did it change the equitable rights of the parties. The mortgage continues to secure it and remains as security for anyone standing in the position of a surety who is compelled to pay the debt, whether it be represented by the note or the judgment taken upon it. Although the debt is merged in the judgment, yet it does not lose its character as a mortgage indebtedness. *Darst v. Bates,* 95 Ill. 493; *Peirce v. Garrett,* 65 Ill. App. 682.

Bomash had undertaken to pay the mortgage debt and had gone bankrupt. Samuel M. Priess knew this and must have known that the defendant's sole recourse of indemnity would be to the property. Despite this, the security which, under the allegations of the answer was of sufficient value to have paid the obligation, was released. We are of the opinion that the defendant as surety was thereby discharged from liability. Plaintiff urges that the right of subrogation accrues only upon payment of or offer to pay the debt; that failure of or resistance to payment of the debt amounts to a disclaimer and operates as a forfeiture of the right to subrogation. In the instant case the security had been destroyed, and if defendant had paid, or been compelled to pay the debt, there was nothing left to which he might be subrogated. The payment of the debt by the surety would give rise to the surety's right to demand and receive immediate physical transfer of the security and complete his right to subrogation. The first mortgage was never foreclosed out. The redemption from the foreclosure sale under the first mortgage by the owner of the equity within the 12-month period rendered null and void the sale and master's certificate. Sec. 18, ch. 77, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 107.168]; *Butler v. Brown*, 205 Ill. 606; *Harper v. Sallee*, 305 Ill. App. 85.

Defendant does not contend that when he became a surety as between himself, Bomash and the mortgaged property, that he, defendant, was released from his obligation to pay the debt. He contends that when Samuel M. Priess was informed of the relationship, he, Priess, became charged with the responsibility of preserving the security for the surety's benefit as well as his own, and that when Priess released the security he gave rise to the defense pleaded. Under the facts admitted by the pleadings it is clear that payment of the debt by the surety was not a condition precedent to raising the defense.

The judgment was entered on August 14, 1931. The merger occurred on January 15, 1932. The lien of the mortgage was released on November 6, 1936. The valid defenses presented in the amended answer arose subsequent to the entry of the judgment. They presented good defenses showing the discharge of the judgment subsequent to its entry. In this suit plaintiff stands in the shoes of his assignor and his claimed right of action is subject to the pleaded defenses. Plaintiff in his motion to strike the amended answer did not invoke the doctrine of *laches*. He alludes to it in his brief. He has not pleaded any act of or failure to act on the part of defendant that has changed his position. We are satisfied that the court was right in denying plaintiff's motion to strike defendant's amended answer. Therefore, the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

LEWE, P. J., and KILEY, J., concur.