**In the Matter of B. F. DEWEES, INC., Debtor,**

**Ida F. Voldow and Minette A. Berns, Claimants, Appellants.**

**No. 17226.**

United States Court of Appeals Third Circuit.

Argued Oct. 21, 1968.

Decided Dec. 4, 1968.

Leon H. Kline, Philadelphia, Pa., for appellants.

Morton Newman, Blank, Rome, Klaus & Comisky, Philadelphia, Pa. (Fred Blume, Philadelphia, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, and SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge:

The Phoenix Mutual Life Insurance Company held two mortgages on certain New Jersey real estate owned by the appellants, Voldow and Berns. Each mortgage contained the usual clause assigning any rents from the premises to the mortgagee in case of default in payments by the mortgagor. While appellants still held title to the property, their tenant, B. F. Dewees, Inc., entered into a Chapter XI bankruptcy proceeding, prompting appellants to file a proof of claim for rentals due under the lease. Voldow and Berns, too, found themselves in financial difficulties and when they became delinquent in their mortgage payments, Phoenix foreclosed on its second mortgage and purchased the property at a judicial sale subject to the lien of the first mortgage.

When funds became available in the Dewees bankruptcy proceeding, Phoenix petitioned the referee to be substituted for appellant's claim, asserting its superior rights under the assignment clause in the first mortgage. The referee permitted the substitution and the District Court sustained the referee's decision. Appellants have appealed from the order of the District Court.

Appellants argue that Phoenix defeated its right to an assignment of rentals when it took title to the premises at the judicial sale. They maintain that its interest as mortgagee merged with its interest as owner of the fee, causing the first mortgage to disappear and to take with it the assignment clause which constituted Phoenix's sole right to the rentals.

Phoenix responds that it never intended a merger of these two interests and emphasizes that it purchased the premises expressly subject to the lien of the first mortgage. Appellants have stipulated that such was the intention of Phoenix, and concede that under New Jersey law a foreclosure on a junior mortgage does not affect the validity of a senior lien.[1] They contend, however, that a merger of the first mortgage with the fee was effected by operation of law, placing heavy reliance on the 1854 case of Speer v. Whitfield, 10 N.J.Eq. 107.

In *Speer,* the mortgagee obtained against the mortgagor an *in personam* judgment which included a claim on the debt secured by the mortgage. The court held that when the mortgagee executed on the mortgaged premises and took title, the mortgage and underlying debt were extinguished. Although the opinion does not discuss the question of merger of a senior mortgage with the fee after execution on a junior lien, there is some support for appellant's position in the following statement in the opinion: " * * * if the mortgagee purchases the mortgaged premises subject to the mortgage, he cannot hold the land, and enforce the payment of the mortgage debt against the mortgagor."

---

1. See Mutual Life Ins. Co. of N. Y. v. Baughuem, 24 N.J.Eq. 44 (1873).

In contrast to the above statement, the general rule is that where the mortgagee does not so intend, a merger of the mortgage and fee will not result by operation of law where merger would prejudice the rights of the mortgagee.[2] A review of the New Jersey decisions under which the law of this case is determined,[3] indicates that this general view prevails in that state, and that the statement in the 1854 *Speer* case is now of doubtful validity.[4]

As early as 1872, the general proposition on merger was expounded in Clos v. Boppe, 23 N.J.Eq. 270:

> "Stated generally, the law is, that, when the mortgagee purchases the equity of redemption of the mortgagor, his mortgage is extinguished; it is said to be merged. But this general doctrine is subject to qualifications. Merger is never favored in equity, and is never allowed, unless for special reasons and to promote the intention of the party."

This position was reaffirmed in Gimbel v. Venino, 135 N.J.Eq. 574, 39 A.2d 489 (1944); Barry, Inc. v. B. A. F., 3 N.J.Super. 355, 65 A.2d 761 (1949); and Portugese v. Ziss, 2 N.J.Super. 397, 63 A.2d 919 (1949). In *Gimbel,* the court reiterated that:

> "Merger is largely a question of intention and stated generally the law is that when a mortgagee acquires the equity of redemption, the presumption is that he intends to extinguish his mortgage interest by merging it in the estate in fee. The presumption is rebuttable and will not prevail when it is clear that a merger was not intended, which intention may be expressly declared, or may appear from the particular equities of the case."

In the case at bar there is persuasive evidence that Phoenix did not intend a merger of the interests: it specifically took title at the judicial sale subject to the lien of the first mortgage. Accordingly, there was sufficient evidence for the referee to decide that the presumption of merger was overcome by the actual intention of the mortgagee.[5] The District Court concurred in the referee's decision and upon review we do not conclude that it was "clearly erroneous" [6] for the court to have done so.

The judgment of the District Court will be affirmed.

---

2. See 59 C.J.S. Mortgages § 441, and cases compiled therein, which states: "In the absence of a contrary intent, a merger ordinarily will not result where it would operate against the interests of the mortgagee, the presumption being that he intended what would best accord with his interests."

3. Counsel have agreed that New Jersey law controls.

4. Although its application to the present case is not advanced, a New Jersey statute specifically provides that no merger shall be effected upon partial foreclosure for a default in the payment of principal or interest. See 2A N.J.S.A. § 50–39 et seq.

5. The decisions in Belleville Savings Bk. v. Reis, 136 Ill. 242, 26 N.E. 646 (1891) and Sletten v. First Natl. Bk. of Carrington, 37 N.D. 47, 163 N.W. 534 (1917), cited by appellants, are not persuasive of a different result. In *Belleville,* the issue was not whether a merger had occurred but rather what remedies were available to the parties where the statute of limitations barred the mortgagee from obtaining an absolute deed to the premises following his purchase at foreclosure. The general rule that merger is a matter of intent was explicitly recognized by the court. In *Sletten,* the mortgagee foreclosed and purchased on his junior mortgage and also sold certain securities of an amount in excess of the debt on both mortgages which had been pledged to cover the same indebtedness. The court held that under such circumstances, the mortgagee had acted in bad faith and accordingly, equity would recognize the extinguishment of both mortgages.

6. Rule 52 of the Federal Rules of Civil Procedure provides that "findings of fact shall not be set aside unless clearly erroneous * * *."